PD-0675&0676&0677&0678-15

PD-0675&0676&0677&0678-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/3/2015 12:32:20 PM
Accepted 6/4/2015 10:11:28 AM
ABEL ACOSTA
CLERK

NO. _____

## IN THE COURT OF CRIMINAL APPEALS

## FOR THE STATE OF TEXAS

---

**RODOLFO CISNEROS,
PETITIONER**

**VS.**

**THE STATE OF TEXAS,
RESPONDENT**

---

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

**OF THE DECISION IN THE THIRD COURT OF APPEALS**

**CAUSE NOS. 03-13-00206-CR, 03-13-00207-CR, 03-13-00208-CR and
03-13-00209**

---

FILED IN
COURT OF CRIMINAL APPEALS

June 4, 2015

ABEL ACOSTA, CLERK

**LINDA ICENHAUER-RAMIREZ
ATTORNEY AT LAW
1103 NUECES
AUSTIN, TEXAS 78701
TELEPHONE: 512-477-7991
FACSIMILE: 512-477-3580
LJIR@AOL.COM
SBN: 10382944**

**ATTORNEY FOR PETITIONER**

**ORAL ARGUMENT IS RESPECTFULLY REQUESTED**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ............................................................... 3

STATEMENT REGARDING ORAL ARGUMENT ............................. 6

IDENTITY OF JUDGE, PARTIES AND COUNSEL ........................... 6

STATEMENT OF THE CASE .............................................................. 7

STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE ... 10

GROUND FOR REVIEW NUMBER ONE .............................................. 11
THE COURT OF APPEALS ERRED WHEN IT SAID THAT THE
RECORD DOES NOT REFLECT THAT TRIAL COUNSEL WERE
GIVEN AN OPPORTUNITY TO EXPLAIN IF THEIR ACTIONS
COULD BE ATTRIBUTED TO REASONABLE TRIAL STRATEGY.

ARGUMENT ........................................................................ 11

GROUND FOR REVIEW NUMBER TWO ............................................. 16
THE OPINION OF THE COURT OF APPEALS FAILED TO
ADDRESS TRIAL COUNSELS' ERRORS FOR WHICH THERE
COULD BE NO REASONABLE TRIAL STRATEGY, SUCH AS
ELICITING EVIDENCE OF EXTRANEOUS SEXUAL OFFENSES
ALLEGEDLY COMMITTED BY PETITIONER AGAINST THE
COMPLAINANT, NOT OBJECTING TO THE STATE ASKING
WITNESSES IF THEY BELIEVED THE ALLEGED VICTIM WAS
TELLING THE TRUTH IN VIOLATION OF TEX.R.EV. 608,
OPENING THE DOOR AND ENABLING THE STATE TO ASK
THE STATE'S EXPERT IF SHE THOUGHT THE COMPLAINANT
HAD BEEN ABUSED, NOT KNOWING THE LAW APPLICABLE
TO THE CASE, NOT KNOWING THE RULES OF EVIDENCE,
AND NOT KNOWING THE REQUIREMENTS OF PERFECTING
ERRORS FOR APPEAL.

ARGUMENT ........................................................................ 16

GROUND FOR REVIEW NUMBER THREE .......................................... 24
    THE COURT OF APPEALS FAILED TO PROPERLY ANALYZE
    THE PREJUDICE PRONG OF <u>STRICKLAND V. WASHINGTON.</u>

    ARGUMENT ........................................................................ 24

CONCLUSION AND PRAYER ............................................................ 26

CERTIFICATE OF COMPLIANCE ...................................................... 28

CERTIFICATE OF SERVICE .............................................................. 29

APPENDIX ........................................................................................ 30

    <u>Cisneros v. State</u>, 2015 Tex.App.LEXIS 2330, No. 03-13-00206-
        CR, No. 03-13-00207-CR, No. 03-13-00208-CR, No. 03-13-
        00209-CR (Tex.App.-Austin, delivered March 12, 2015)

# INDEX OF AUTHORITIES

**CASES**                                                                                    **PAGES**

Andrews v. State, 159 S.W.3d 98, 102 (Tex.Cr.App. 2005) ..................... 16

Barefoot v. State, 596 S.W.2d 875, 887-888 (Tex.Cr.App. 1980).......... 21

Cisneros v. State, 2015 Tex.App.LEXIS 2330, Nos. 03-13-00206-CR,
    03-13-00207-CR, 03-13-00208-CR, 03-13-00209-CR (Tex.App.-
    Austin, delivered March12, 2015) ...............................................10, 11

Davis v. State, 413 S.W.3d 816, 828 (Tex.App.-Austin 2013, pet.
    ref.) ...............................................................................16, 18, 23, 28

Ex parte Welborn, 785 S.W.2d 391, 396 (Tex.Cr.App. 1990) ................. 27

Fuller v. State, 224 S.W.3d 823, 833 (Tex.App.-Texarkana 2007,
    no pet.) ...........................................................................19, 20, 26, 27

Kjellerson v. State, 1999 Tex.App.LEXIS 5344 (Tex.App.-San
    Antonio 1999, no pet.)............................................................... 23

Pyles v. State, 755 S.W.2d 98, 118 (Tex.Cr.App. 1988) ............................ 21

Sandoval v. State, 409 S.W.3d 259, 289-290 (Tex.App.-Austin
    2013, no pet.) ................................................................... 24, 26

Sessums v. State, 129 S.W.3d 242 (Tex.App.-Texarkana 2004,
    pet. ref'd)................................................................................ 26, 27

Schutz v. State, 957 S.W.2d 52, 76 (Tex.Cr.App. 1997) ..................... 19, 20

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d
    674 (1984)................................................................................ 24

Wall v. State, 184 S.W.3d 730 (Tex.Cr.App. 2006) .................................. 22

Yount v. State, 872 S.W.2d 706, 708 (Tex.Cr.App. 1993) ......................... 20

## CONSTITUTIONS

Sixth Amendment, United States Constitution ...................................22, 26

## COURT RULES

Tex.R.App.Proc. 66.3(a) .................................................................23, 24, 26, 27

Tex.R.App.Proc. 66.3(c) ........................................................................26

Tex.R.App.Proc. 66.3(f).................................................................... 15, 24

Tex.R.Ev. 608 .........................................................................................19

Tex.R.Ev. 608(a) ...................................................................................17

Tex.R.Ev. 613.......................................................................................... 22

Tex.R.Ev. 801(e)(1)(B)........................................................................... 22

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner has raised important questions of first impression in this Court and believes that oral argument would help clarify the issues presented in his petition for discretionary review. Therefore he respectfully requests oral argument.

## IDENTITY OF JUDGE, PARTIES AND COUNSEL

Trial Judge: The Honorable William Henry, 428th Judicial District Court of Hays County, Texas

Parties and Counsel:

(a) the State of Texas represented by:
   Ms. Cathy Compton, Asst. District Attorney – trial attorney
   Ms. Amy Lockhart, Asst. District Attorney – trial attorney
   Ms. Angie D. Roberts-Huckaby, Asst. District Attorney – appellate attorney
   Hays County District Attorney's Office
   Hays County Justice Center
   712 South Stagecoach Trail, Suite 2057
   San Marcos, Texas 78666

(b) Mr. Rodolfo Cisneros, represented by:
   Mr. Mark Morales – trial attorney
   Mr. Carson Guy – trial attorney
   307 Rock Street, Building 2
   Georgetown, Texas 78626

   Ms. Linda Icenhauer-Ramirez - appellate attorney
   1103 Nueces
   Austin, Texas 78701

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

NOW COMES Rodolfo Cisneros, Petitioner in this cause by and through his attorney, Linda Icenhauer-Ramirez, and, pursuant to the provisions of Tex.R.App.Proc. 66, et seq., moves this Court to grant discretionary review, and in support will show as follows:

## STATEMENT OF THE CASE

In Third Court of Appeals Cause No. No. 03-13-00206-CR, Petitioner was indicted the offense of aggravated sexual assault of a child under the age of six years by penetrating the child's anus with his finger or fingers.[1] (C.R. 8) On March 1, 2013, after hearing the evidence and argument of both the State and the defense, the jury found Petitioner guilty of the offense of aggravated sexual assault of a child under the age of six years. (R.R. VI, pp. 85-86; C.R. 64-68) On March 1, 2013, after hearing the punishment evidence and argument from both the State and the defense, the judge assessed Petitioner's punishment at seventy (70) years imprisonment to be served concurrently with Petitioner's other three sentences. Petitioner was

---

[1] This case was joined with three other indictments in a single jury trial. Petitioner was convicted of aggravated sexual assault in all four cases. This consolidated petition for discretionary review is being filed for all four causes.

7

sentenced that day. (R.R. VI, pp. 123-125; C.R. 70-71) Petitioner filed a motion for new trial on March 7, 2013. (C.R. 73) Notice of appeal was filed on March 25, 2013. (C.R. 78) The trial court's certification of defendant's right of appeal was filed on March 1, 2013. (C.R. 69)

In Third Court of Appeals Cause No. No. 03-13-00207-CR, Petitioner was indicted for the offense of aggravated sexual assault under the age of six years by penetrating or contacting the sexual organ of a child with his mouth. (C.R. 4) On March 1, 2013, after hearing the evidence and argument of both the State and the defense, the jury found Petitioner guilty of the offense of aggravated sexual assault of a child under the age of six years. (R.R. VI, pp. 85-86; C.R. 30-35) On March 1, 2013, after hearing the punishment evidence and argument from both the State and the defense, the judge assessed Petitioner's punishment at seventy (70) years imprisonment to be served concurrently with Petitioner's other three sentences. Petitioner was sentenced that day. (R.R. VI, pp. 123-125; C.R. 36-37) Petitioner filed a motion for new trial on March 7, 2013. (C.R. 40) Notice of appeal was filed on March 25, 2013. (C.R. 45) The trial court's certification of defendant's right of appeal was filed on March 1, 2013. (C.R. 38)

In Third Court of Appeals Cause No. 03-13-00208-CR, Petitioner

8

was indicted for the offense of aggravated sexual assault of a child under the age of six years by penetrating the sexual organ of the child with his finger or fingers. (C.R. 4) On March 1, 2013, after hearing the evidence and argument of both the State and the defense, the jury found Petitioner guilty of the offense of aggravated sexual assault of a child under the age of six years. (R.R. VI, pp. 85-86; C.R. 30-34) On March 1, 2013, after hearing the punishment evidence and argument from both the State and the defense, the judge assessed Petitioner's punishment at seventy (70) years imprisonment to be served concurrently with Petitioner's other three sentences. Petitioner was sentenced that day. (R.R. VI, pp. 123-125; C.R. 35-36) Petitioner filed a motion for new trial on March 7, 2013. (C.R. 39) Notice of appeal was filed on March 25, 2013. (C.R. 44) The trial court's certification of defendant's right of appeal was filed on March 1, 2013. (C.R. 37)

In Third Court of Appeals Cause No. 03-13-00209-CR, Petitioner was indicted for the offense of aggravated sexual assault of a child under the age of six years by penetrating the sexual organ of the child with his finger or fingers. (C.R. 4) On March 1, 2013, after hearing the evidence and argument of both the State and the defense, the jury found Petitioner guilty of the offense of aggravated sexual assault of a child under the age of six

years. (R.R. VI, pp. 85-86; C.R. 30-34) On March 1, 2013, after hearing the punishment evidence and argument from both the State and the defense, the judge assessed Petitioner's punishment at seventy (70) years imprisonment to be served concurrently with Petitioner's other three sentences. Petitioner was sentenced that day. (R.R. VI, pp. 123-125; C.R. 35-36) Petitioner filed a motion for new trial on March 7, 2013. (C.R. 39) Notice of appeal was filed on March 25, 2013. (C.R. 44) The trial court's certification of defendant's right of appeal was filed on March 1, 2013. (C.R. 37)

## STATEMENT OF THE PROCEDURAL HISTORY

On March 12, 2015, the Third Court of Appeals handed down an opinion in these cases. Cisneros v. State, 2015 Tex.App. LEXIS 2330, Nos. 03-13-00206-CR, 03-13-00207-CR, 03-13-00208-CR, 03-13-00209-CR (Tex.App.-Austin, delivered March 12, 2015). A motion for rehearing was filed in each cause. On May 4, 2015, the Third Court of denied Petitioner's motions for rehearing. The petition for discretionary review is due to be filed on or before June 3, 2015.

10

**GROUND FOR REVIEW NUMBER ONE**
**THE COURT OF APPEALS ERRED WHEN IT SAID THAT THE RECORD DOES NOT REFLECT THAT TRIAL COUNSEL WERE GIVEN AN OPPORTUNITY TO EXPLAIN IF THEIR ACTIONS COULD BE ATTRIBUTED TO REASONABLE TRIAL STRATEGY.**

In its opinion the panel of the Third Court of Appeals makes short shrift of Petitioner's claim of ineffective assistance of counsel by asserting "the record is silent as to whether there was a strategic reason for counsels' conduct or what the particular strategy was." Cisneros v. State, 2015 Tex.App.LEXIS 2330 *5, No. 03-13-00206-CR, 03-13-00207-CR, 03-13-00208-CR, 03-13-00209-CR (Tex.App.-Austin, delivered March 12, 2015). The Court then writes that the assertions by appellate counsel that there was no reasonable trial strategy for trial counsels' actions are "mere speculation." Cisneros v. State, 2015 Tex.App.LEXIS 2330 *5, No. 03-13-00206-CR, 03-13-00207-CR, 03-13-00208-CR, 03-13-00209-CR (Tex.App.-Austin, delivered March 12, 2015). The Court's opinion goes on to say that because the record does not contain an explanation of trial counsel's conduct, the court will presume they exercised reasonable professional judgment. The Court of Appeals' assertion that trial counsel was never able to explain whether their conduct amounted to reasonable trial strategy is incorrect. The record

11

in this case is unusual in that it reflects that trial counsel's performance was so questionable that on several occasions even the State questioned trial counsel outside the presence of the jury as to whether trial counsel's actions could be chalked up as "trial strategy." Two of these instances are set out below:

1. **<u>When trial counsel unwittingly opened the door so that the State could ask the lead detective if he thought Petitioner was guilty.</u>**

During cross-examination of the lead detective, Petitioner's trial counsel began asking the lead detective if he thought he had probable cause to believe Petitioner was guilty. The State, recognizing that asking a law enforcement officer his personal belief as to a defendant's guilt was totally improper, asked to approach the bench and a conversation occurred during which trial counsel told the court that pursuing this line of question was indeed trial strategy. Trial counsel affirmatively stated to the trial court that it was his belief that this line of questioning was not improper. Counsel then resumed his questioning of the detective and ended up asking the detective point blank: "So you don't – do you have a belief regarding my client's guilt?" The detective knowing this was an improper question, side-stepped the

question in his answer. (R.R. III, p. 127-131) A few minutes later on redirect, the prosecutor asked the detective if he had formed an opinion as to whether the defendant was guilty and the detective replied that he believed Petitioner was guilty. (R.R. III, pp. 174-175)

In its opinion in footnote 3, the Court of Appeals attributes this line of questioning to Petitioner's trial counsel's possible strategy in trying to demonstrate the bias of the State's witnesses. However, if this was true and if trial counsel had truly wanted that information before the jury, they would have asked the detective directly what his opinion was as to Petitioner's guilt or innocence. That never happened. Rather trial counsel's inartful questioning opened the door so that the State could put this inadmissible evidence before the jury.

Again, footnote 3 of the Court's opinion rationalizes that it might have been trial counsels' strategy to elicit this information in order to show the bias of the State's witnesses. However, the record reflects that when the State asked the detective if he had formed an opinion as to whether the defendant was guilty, trial counsel realized the mistake he had made and tried to prevent the detective from answering the question by voicing an objection of "leading" to the State's question. The trial court overruled trial counsel's objection and the witness was

allowed to testify that he believed Petitioner was guilty. (R.R. III, pp. 174-175) Certainly, if the Court of Appeals was correct in analyzing trial counsel's strategy, trial counsel would not have voiced an objection to this testimony.

2. **When trial counsel began questioning the lead detective about the inadmissible topic of polygraphs**.

During his cross-examination of the lead detective, Petitioner's trial counsel began asking the detective if it was common for law enforcement to ask defendants to take polygraph examinations. The State immediately asked to approach the bench and then asked defense counsel if he was trying to provoke a mistrial. Trial counsel, totally oblivious to the error is his line of questioning, responding to the issue of whether he was trying to provoke a mistrial, says:

> "Are you kidding me? I think we are doing great."
> (R.R. III, pp. 154-155)

A discussion then ensued which showed that trial counsel had no idea that the topic of polygraph examinations is inadmissible. (R.R. III, pp. 155-157) Certainly a strategy premised on ignorance of the law cannot be deemed reasonable.

The panel of the Court of Appeals was in error when it said that Petitioner's trial counsel was given no opportunity to explain whether

14

his actions were reasonable trial strategy. As shown above, at least in two instances during the trial, Petitioner's trial attorneys were questioned by the State and the trial court as to whether their course of conduct, while highly improper, was trial strategy. In both of those instances, Petitioner's "trial strategy" was not reasonable, was improper and resulted in severely harming Petitioner's case.

Here the failure of the panel of the Third Court of Appeals to conduct a thorough review of Petitioner's claim of ineffective assistance of counsel and to hide behind the statement that Petitioner's trial attorneys did not have an opportunity to explain their strategy is indefensible. In employing this excuse and failing to address the merits of Petitioner's claim, the Court of Appeals has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision. Tex.R.App.Proc. 66.3(f). This ground for review should be granted.

**GROUND FOR REVIEW NUMBER TWO**
**THE OPINION OF THE COURT OF APPEALS FAILED TO ADDRESS TRIAL COUNSELS' ERRORS FOR WHICH THERE COULD BE NO REASONABLE TRIAL STRATEGY, SUCH AS ELICITING EVIDENCE OF EXTRANEOUS SEXUAL OFFENSES ALLEGEDLY COMMITTED BY PETITIONER AGAINST THE COMPLAINANT, NOT OBJECTING TO THE STATE ASKING WITNESSES IF THEY BELIEVED THE ALLEGED VICTIM WAS TELLING THE TRUTH IN VIOLATION OF TEX.R.EV. 608, OPENING THE DOOR AND ENABLING THE STATE TO ASK THE STATE'S EXPERT IF SHE THOUGHT THE COMPLAINANT HAD BEEN ABUSED, NOT KNOWING THE LAW APPLICABLE TO THE CASE, NOT KNOWING THE RULES OF EVIDENCE, AND NOT KNOWING THE REQUIREMENTS OF PERFECTING ERRORS FOR APPEAL.**

The opinion of the Court of Appeals also fails to discuss those errors that are so egregious that there could be no reasonable trial strategy that would justify trial counsels' actions. As the Third Court of Appeal recently wrote in Davis v. State, 413 S.W.3d 816, 828 (Tex.App.-Austin 2013, pet. ref.) "'when no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects the trial counsel's subjective reasons for [his actions]. Andrews v. State, 159 S.W.3d 98, 102 (Tex.Crim.App. 2005).'" The record in Petitioner's case shows that his trial counsel committed several of those errors and the Court of Appeals

16

failed to address them on Petitioner's direct appeal. These errors include the following:

## 1. Trial Counsel Eliciting Evidence of Petitioner's Own Extraneous Offenses

During cross-examination of Petitioner's wife, Petitioner's trial counsel asked her if Petitioner had ever shown "any proclivities towards any sexually deviant behavior." The State fearing that once again, counsel was about to commit further error, asked to approach the bench and warned defense counsel that if the witness answered affirmatively, she would then be able to describe additional extraneous offenses. Defense counsel, apparently realizing the big mistake he was about to make, told the court that he would move on. (R.R. IV, pp. 114-116) But a little while later, defense counsel, in what could only be described as very unreasonable trial strategy, asked the following:

> "So would it be fair to say that prior to these allegations that brought us here today, you never suspected that Rudy had ever done anything inappropriate with A___?" (R.R. IV, pp. 120)

Petitioner's wife then proceeded to tell the jury about two other instances she saw where she believed that Petitioner was having sexual contact with the child. (R.R. IV, pp. 120-121, 129-130, 134-135)

17

The opinion of the Court of Appeals did not address this lapse by trial counsel. Petitioner asserts again as he did on direct appeal that there can be no reasonable trial strategy that would justify defense counsel eliciting two more extremely damaging extraneous offenses from a State's witness. There was no need to have Petitioner's trial attorneys attempt to explain their trial strategy with respect to this part of their performance. Case law is clear that defense counsel's representation is deficient when he elicits extraneous offense evidence against his own client which would otherwise not have been admissible during the guilt-innocence phase of the trial. Davis v. State, supra.

## 2. **Trial Counsel Failing to Object to the Admission of Extraneous Offenses**

During the State's case-in-chief, Petitioner's wife testified nonresponsively that Petitioner had a habit of smoking pot. Trial counsel voiced no objection to this testimony. Instead the State approached the bench and asked the judge to admonish the witness about testifying about Petitioner's bad acts. The State (and not Petitioner's trial counsel) also asked the judge to give the jury a limiting instruction. (R.R. IV, pp. 78-79) How can Petitioner's trial counsels'

18

failure to object and protect their client be reasonable trial strategy? The opinion of the Court of Appeals did not discuss this lapse at all.

3. **Trial Counsel Failing to Object When the State Asked Several of its Witnesses if They Believed the Alleged Victim was Telling the Truth in Violation of Tex.R.Ev. 608.**

The opinion of the Court of Appeals failed to address the instances raised in Petitioner's brief when Petitioner's trial counsel failed to object to the State's repeated violation of Tex.R.Ev. 608. This occurred when the State asked the child's mother if she believed the child was telling the truth (R.R. IV, p. 180) and when the State asked the child's father if he believed the child was telling the truth (R.R. IV, p. 186). The law is clear that a lay witness may not testify to the complainant's truthfulness. Schutz v. State, 957 S.W.2d 52, 76 (Tex.Cr.App. 1997); Fuller v. State, 224 S.W.3d 823, 833 (Tex.App.-Texarkana 2007, no pet.); Tex.R.Ev. 608(a).

Trial counsel also failed to object when the State asked the complainant's counselor Stephanie Watts if she saw any red flags that indicated that the complainant was fabricating the allegations against Petitioner. (R.R. V, pp. 77-80, 85) Once again this was not a reasonable trial strategy. Had Petitioner's trial counsel wanted this information before the jury, he would have asked it of the witness.

19

Instead, he stood quietly by and allowed Watts to testify in response to at least four different questions, that she believed the complainant was telling the truth. This was in clear violation of the law. See Yount v. State, 872 S.W.2d 706, 708 (Tex.Cr.App. 1993); Fuller v. State, supra; Schutz v. State, supra. Certainly there can be no reasonable strategic reason to allow the State to violate this clear rule and introduce such damaging, improper evidence.

### 4. Trial Counsel Opening the Door and Enabling the Prosecutor to ask the State's Expert if She Thought the Complainant Had Been Abused.

On page 51 of Petitioner's brief on original appeal, Petitioner asked the Court of Appeals to address the instance where Petitioner's trial counsel began cross-examining the State's expert Melissa Rodriguez about the complainant's truthfulness and opened the door so that the State was able to ask if she believed that the complainant was a victim of child abuse. The Court of Appeals opinion did not address this lapse, instead relying on the umbrella theory that perhaps it was the trial attorney's strategy to argue that of course, all the State's witnesses would believe the complainant and therefore were biased. Petitioner would assert that there was no such reasonable strategy behind trial counsel's actions. If that was the strategy, trial counsel would have

asked the State's expert witness the ultimate question –- did she believe that the complainant was being abused by Petitioner.   Trial counsel did not do so.

**5.  Failing to Know and Apply the Rules of Evidence.**

Beginning on page 39 of his brief on original appeal, Petitioner presented two examples from the record that demonstrated that Petitioner's trial counsel did not understand the Rules of Evidence or the law applicable to the case.   The first involved one of Petitioner's trial attorneys asking a hypothetical question to a non-expert witness, specifically Petitioner's wife.   The law is clear that hypothetical questions are to be used only in the examination of experts.  See Pyles v. State, 755 S.W.2d 98, 118 (Tex.Cr.App. 1988); Barefoot v. State, 596 S.W.2d 875, 887-888 (Tex.Cr.App. 1980).   An attorney needs to be familiar with the rules of trial procedure and evidence if they are going to effectively represent their clients.

**6.  Failing to Know and Apply the Law Applicable to the Case.**

The second example involved the same attorney trying to make an objection when the State offered into evidence State's Exhibit 25, the actual interview of Petitioner's wife.  A review of the record shows that trial counsel's objection was improper in that the case law cited by the

attorney was not applicable to the situation at hand. Trial counsel objected to the evidence on the basis of Petitioner's Sixth Amendment right to confrontation and cited the case of Wall v. State, a 2007 case from the Court of Criminal Appeals. (R.R. IV, pp. 127-128) His objection was overruled. Trial counsel's objection was not correct because there was no denial of cross-examination and confrontation. Petitioner's wife was on the stand and trial counsel had just finished cross-examining her. A reading of Wall v. State, 184 S.W.3d 730 (Tex.Cr.App. 2006) shows that it was not applicable to Petitioner's case because it actually involved introducing a statement of a nontestifying witness. There was a correct objection to make – namely that the admission of Petitioner's wife's statement was a violation of Tex.R.Ev. 613 and Tex.R.Ev. 801(e)(1)(B). However, trial counsel failed to make the proper objection and error was not preserved for appeal.

## 7. Failing to Know How to Object and Preserve Error For Appeal.

On page 45 of Petitioner's brief, Petitioner pointed out an instance during trial where trial counsel failed to preserve an error for appeal when the State elicited improper hearsay testimony from Melissa Rodriguez, the director of the local child advocacy center. Once again,

there can be no reasonable trial strategy for a defense attorney not to preserve error for appeal. And case law holds that failing to make a motion for mistrial and thus preserve a point of error for review on appeal "fall[s] below norms of professional conduct." Kjellerson v. State, 1999 Tex.App.LEXIS 5344 (Tex.App.-San Antonio 1999, no pet.). Despite this holding, the Court of Appeals opinion failed to address this lapse by trial counsel.

These errors were so egregious, there was no way that they could ever be considered reasonable trial strategy. The opinion of the Court of Appeals was wrong when it failed to address Petitioner's claims of ineffective assistance of counsel due to trial counsel not being given an opportunity to explain if their actions were part of a reasonable trial strategy. The opinion of the Court of Appeals in this case directly conflicts with another opinion of the Third Court of Appeals, Davis v. State, 413 S.W.3d 816, 828 (Tex.App.-Austin 2013, pet. ref.) and the Court of Criminal Appeals needs to address this conflict and give guidance to the Third Court of Appeals. Tex.R.App.Proc. 66.3(a). In addition, by failing to review Petitioner's claims of ineffective assistance of counsel when there could no explanation of a reasonable trial strategy, the Court of Appeals has so far departed from the accepted and

23

usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision. Tex.R.App.Proc. 66.3(f). This ground for review should be granted.

## GROUND FOR REVIEW NUMBER THREE
**THE COURT OF APPEALS FAILED TO PROPERLY ANALYZE THE PREJUDICE PRONG OF <u>STRICKLAND V. WASHINGTON.</u>**

In its opinion, the Court of Appeals wrote that the Petitioner's claims of prejudice were speculative and without support in the record. Petitioner urges the Court of Criminal Appeals to examine the prejudice prong of the inquiry into ineffective assistance of counsel in his case. <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the recent case of <u>Sandoval v. State</u>, 409 S.W.3d 259, 289-290 (Tex.App.-Austin 2013, no pet.), the Third Court of Appeals discussed the "he said, she said" nature of these types of cases.[2] Just as in <u>Sandoval</u>, the only direct evidence of a sexual assault in Petitioner's

---

[2] Interestingly <u>Sandoval</u> was a child sexual abuse case tried in the same county and with the same prosecutors as in appellant's case. The Third Court of Appeals reversed Sandoval's case because of errors very similar to the errors that occurred in appellant's case. The only difference is that in <u>Sandoval</u>, Sandoval's attorneys did not commit the error or by their actions, open the door so that the State could commit the error. It was the State engaging in the improper conduct. Sandoval's attorneys preserved the error for appeal and effectively advocated for their client. In Petitioner's case, Petitioner's trial attorneys actually aided and abetted the State in obtaining a conviction based on improper evidence. It is very hard to understand how the Third Court can reconcile the result in Petitioner's case with the result in <u>Sandoval.</u> Tex.R.App.Proc. 66.3(a).

case was the complainant's account in her testimony. Thus the main issue in the case was the complainant's credibility. Trial counsel's task then, was to present a case which attacked the child's credibility. What happened was just the opposite. The complainant's testimony was improperly bolstered by trial counsel opening the door for the State to elicit from the lead detective that he thought Petitioner was guilty, failing to object when the prosecutor asked both the complainant's mother and father if they believed their child was telling the truth, failing to object when the State elicited from the complainant's counselor, Stephanie Watts, that she believed the child was telling the truth, and opening the door for State's expert Melissa Rodriguez to testify on redirect that she believed the complainant had been abused and then allowing her to continue to express that opinion on cross-examination. This prejudice was compounded by trial counsel actually eliciting from a State's witness (Petitioner's wife) that Petitioner had committed two additional extraneous sexual offenses against the complainant and then failing to object to evidence of the extraneous offense of smoking marijuana.

Petitioner urges the Court of Criminal Appeals to grant review in his case and take a good look at the prejudice he suffered as a result of

his attorneys' performance. Petitioner asserts that the opinion in his case directly is in direct conflict with the Third Court of Appeals opinion in Sandoval v. State, 409 S.W.3d 259, 289-290 (Tex.App.-Austin 2013, no pet.) and so the Court of Criminal Appeals needs to step in and speak to this conflict. Tex.R.App.Proc. 66.3(a). Petitioner also asserts that the opinion of the Third Court of Appeals has decided an important question of state and federal law, the question of a defendant's Sixth Amendment right to effective assistance of counsel, in a way that conflicts with the applicable decisions of the Texas Court of Criminal Appeals and the United State's Supreme Court. Tex.R.App.Proc. 66.3(c). In Petitioner's case, the most damaging and prejudicial evidence against him was admitted only because of trial counsels' mistakes. The State's case was not tested by Petitioner's trial counsel in any way. An attorney just standing up and going through the motions of a trial does not equate with effective assistance of counsel. And as can be seen in Petitioner's case, can lead to a total collapse of the adversarial process. This ground for review should be granted.

## CONCLUSION AND PRAYER

In his brief on original appeal, Petitioner argued that his case was eerily similar to the cases of Fuller v. State, supra and Sessums v. State,

129 S.W.3d 242 (Tex.App.-Texarkana 2004, pet. ref'd), both of which involved sexual assaults against children. In both cases, on direct appeal, defense counsel was found to have rendered ineffective assistance of counsel where counsel, like Petitioner's trial counsel, failed to object to evidence of the complainant's truthfulness and where counsel, like Petitioner's trial counsel, elicited harmful extraneous offense evidence against their own clients. The appellate courts in those cases found that there was no reasonable trial strategy that would have justified such testimony being admitted into evidence where, just as in Petitioner's case, the main issue in the case was the credibility of the complainant. The opinion of the Third Court of Appeals did not even address these cases or try to distinguish them in any way. Petition for discretionary review should be granted in this case because the decision of the Third Court of Appeals conflicts with the Texarkana Court of Appeals in Fuller v. State, supra, and in Sessums v. State, supra on this same issue. Tex.R.App.Proc. 66.3(a)

Likewise, the Texas Court of Criminal Appeals has recognized that although a single error might be insufficient proof of counsel's ineffective assistance, counsel's performance taken as a whole may compel such a holding. Ex parte Welborn, 785 S.W.2d 391, 396

27

(Tex.Cr.App. 1990); <u>Davis v. State</u>, supra. Petitioner asserts that his case is just such a case. Petitioner asks the Court to grant his Petition for Discretionary Review and either review the merits of his argument or remand the case back to the Third Court of Appeals so that it can conduct a full and complete analysis of his arguments on direct appeal.

Respectfully submitted,

/s/ Linda Icenhauer-Ramirez
LINDA ICENHAUER-RAMIREZ
ATTORNEY AT LAW
1103 NUECES
AUSTIN, TEXAS 78701
TELEPHONE: 512-477-7991
FACSIMILE: 512-477-3580
ljir@aol.com
SBN: 10382944

ATTORNEY FOR PETITIONER

## CERTIFICATE OF COMPLIANCE

I hereby certify that excluding the following: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, this petition for discretionary review contains 3,679 words, as calculated by the word count function on my computer and is prepared in Times New Roman 14 point font.

/s/ Linda Icenhauer-Ramirez
LINDA ICENHAUER-RAMIREZ

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Petition for Discretionary Review was e-served to the office of the State Prosecuting Attorney and to the Hays County District Attorney's Office on this 3rd day of June, 2015.

/s/ Linda Icenhauer-Ramirez
LINDA ICENHAUER-RAMIREZ

**APPENDIX**

<u>Cisneros v. State</u>, 2015 Tex.App.LEXIS 2330, No. 03-13-00206-CR, 03-13-00207-CR, 03-13-00208-CR, 03-13-00209-CR  (Tex.App.-Austin, delivered March 12, 2015)

*2015 Tex. App. LEXIS 2330, \**

Rodolfo Cisneros, Appellant v. The State of Texas, Appellee

NO. 03-13-00206-CR, NO. 03-13-00207-CR, NO. 03-13-00208-CR, NO. 03-13-00209-CR

COURT OF APPEALS OF TEXAS, THIRD DISTRICT, AUSTIN

2015 Tex. App. LEXIS 2330

March 12, 2015, Filed

**NOTICE:** PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

**PRIOR HISTORY: [\*1]** FROM THE DISTRICT COURT OF HAYS COUNTY, 428TH JUDICIAL DISTRICT NOS. CR-12-0432, CR-12-0433, CR-12-0434, & CR-12-0435, THE HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING.

**DISPOSITION:** Modified and, as Modified, Affirmed.

**CASE SUMMARY:**

**OVERVIEW:** HOLDINGS: [1]-Where defendant was convicted of four counts of aggravated sexual assault of a child under Tex. Penal Code Ann. § 22.021(a)(1)(B), (2)(B), he failed to prove that he was denied the effective assistance of trial because the record was silent as to why trial counsel made certain decisions regarding the admission or exclusion of evidence; [2]-As defendant did not raise the ineffective assistance of counsel claim in a motion for new trial, neither defense counsel nor the State had been given an opportunity to respond; [3]-The appellate court had the authority under Tex. R. App. P. 43.2(b) to modify the incorrect judgments to reflect the correct Texas Penal Code sections.

**OUTCOME:** Modified; and affirmed as modified.

**CORE TERMS:** trial counsel, ineffective assistance of counsel, bias, trial strategy, deficient performance, putting, sexual, finger, guilt, counsel's conduct, counsel's performance, private part, failed to demonstrate, modified, modify, prong, sexual acts, trial record, judgments of conviction, clerical errors, failing to object, opportunity to explain, competent attorney, corroborating evidence, police investigation, affirmatively, truthfulness, penetrating, probability, speculation

**LEXISNEXIS(R) HEADNOTES**
Criminal Law & Procedure > Counsel > Effective Assistance > Tests
Evidence > Procedural Considerations > Burdens of Proof > Preponderance of Evidence
*HN1* To establish ineffective assistance of counsel, an appellant must demonstrate by a
preponderance of the evidence both deficient performance by counsel and prejudice
suffered by the defendant. The appellant must first demonstrate that counsel's

performance fell below an objective standard of reasonableness under prevailing professional norms. The appellant must then show the existence of a reasonable probability—one sufficient to undermine confidence in the outcome—that the result of the proceeding would have been different absent counsel's deficient performance. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.

Criminal Law & Procedure > Appeals > Standards of Review > Deferential Review > Ineffective Assistance
Governments > Courts > Court Records
Evidence > Inferences & Presumptions > Presumptions > Rebuttal of Presumptions
HN2⬇ Appellate review of counsel's representation is highly deferential; the appellate court must indulge in a strong presumption that counsel's conduct was not deficient. To rebut that presumption, a claim of ineffective assistance must be firmly founded in the record and the record must affirmatively demonstrate the meritorious nature of the claim. Rarely will the trial record by itself be sufficient to demonstrate an ineffective-assistance claim. If trial counsel has not been afforded the opportunity to explain the reasons for his conduct, the appellate court will not find him to be deficient unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.

Criminal Law & Procedure > Counsel > Effective Assistance > General Overview
Governments > Courts > Court Records
HN3⬇ Counsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation.

Governments > Courts > Court Records
Criminal Law & Procedure > Counsel > Effective Assistance > General Overview
Evidence > Inferences & Presumptions > Presumptions > General Overview
Evidence > General Overview
HN4⬇ Absent record evidence regarding counsels' strategy or reasoning, the appellate court will presume they exercised reasonable professional judgment.

Criminal Law & Procedure > Counsel > Effective Assistance > Trials
HN5⬇ The mere fact that another attorney might have pursued a different tactic at trial does not suffice to prove a claim of ineffective assistance of counsel.

Governments > Courts > Court Records
Criminal Law & Procedure > Counsel > Effective Assistance > Trials
HN6⬇ Unless there is a record sufficient to demonstrate that counsel's conduct was not the product of an informed strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.

Evidence > Testimony > Credibility > General Overview
Evidence > Testimony > Lay Witnesses > Ultimate Issue
HN7⬇ Witnesses are not permitted to testify as to their opinion about the guilt or innocence of a defendant, or the credibility of a complainant or the truthfulness of a complainant's allegations.

Criminal Law & Procedure > Counsel > Effective Assistance > Tests
HN8⬇ An appellant's failure to satisfy one prong of the Strickland test negates a court's need to consider the other prong.

Criminal Law & Procedure > Trials > Defendant's Rights > Right to Fair Trial
Criminal Law & Procedure > Counsel > Effective Assistance > Tests
HN9 Even if an appellant shows that particular errors of counsel were unreasonable, he must further show that they actually had an adverse effect on the defense. It is not sufficient that a defendant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were of questionable competence. Merely showing that the errors had some conceivable effect on the proceedings will not suffice. Instead, he must prove that counsel's errors, judged by the totality of the representation, not by isolated instances of error or by a portion of the trial, denied him a fair trial.

Criminal Law & Procedure > Counsel > Effective Assistance > General Overview
HN10 An accused is not entitled to entirely errorless representation, and the appellate court looks to the totality of the representation in gauging the adequacy of counsel's performance.

Criminal Law & Procedure > Appeals > Procedures > Records on Appeal
Governments > Courts > Authority to Adjudicate
HN11 The appellate court has authority to modify incorrect judgments when the necessary information is available to do so. Tex. R. App. P. 43.2(b).

**COUNSEL:** For Appellant: Ms. Linda Icenhauer-Ramirez, Attorney At Law, Austin, TX.

For State: Ms. Angie D. Roberts-Huckaby, Assistant Criminal District Attorney Hays County Government Center, San Marcos, TX.

**JUDGES:** Before Justices Puryear, Goodwin, and Field.

**OPINION BY:** Melissa Goodwin

## OPINION

**MEMORANDUM OPINION**

A jury found appellant Rodolfo Cisneros guilty of four counts of aggravated sexual assault of a child for sexually abusing his step granddaughter, A.D., when she was five.[1] *See* Tex. Penal Code § 22.021(a)(1)(B), (2)(B). The trial court assessed appellant's punishment at confinement for 70 years in the Texas Department of Criminal Justice for each count, ordering the sentences to be served concurrently. *See id*. §§ 12.32, 22.021(f)(1). In a single point of error on appeal, appellant complains that he suffered ineffective assistance of counsel at trial.[2] We find no reversible error. However, through our own review of the record, we have found non-reversible error in the written judgments of conviction. We will modify the judgments to correct the clerical errors and, as modified, affirm the judgments.

### FOOTNOTES

[1] The jury heard evidence that appellant perpetrated various sexual acts against A.D. on multiple occasions, including performing oral sex on her ("putting his tongue on her private **[*2]** part" or "licking her hoo ha"), penetrating her sexual organ with his finger ("touching inside her private part with his finger"), penetrating her sexual organ with his penis ("putting his private part in her

private part" or "putting his hoo ha in her hoo ha"), and penetrating her anus with his finger ("putting his finger in her bottom" or "putting his finger in her tail"). Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

**2** Appellant was represented by two different attorneys at trial.

## DISCUSSION

### Ineffective Assistance of Counsel

In his sole point of error, appellant contends that his trial counsel rendered ineffective assistance at trial. He complains of multiple actions or inactions on the part of trial counsel, including propounding certain questions to the investigating detective, failing to object to or eliciting extraneous misconduct evidence, failing to preserve error regarding hearsay evidence, lacking familiarity "with the Rules of Evidence, Proper Trial Procedure, and **[\*3]** the Law in General," and eliciting, failing to object to, or purportedly opening the door to testimony from the State's witnesses about appellant's guilt or A.D.'s credibility.

*HN1* To establish ineffective assistance of counsel, an appellant must demonstrate by a preponderance of the evidence both deficient performance by counsel and prejudice suffered by the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). The appellant must first demonstrate that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687-88; *Nava*, 415 S.W.3d at 307. The appellant must then show the existence of a reasonable probability—one sufficient to undermine confidence in the outcome—that the result of the proceeding would have been different absent counsel's deficient performance. *Strickland*, 466 U.S. at 694; *Nava*, 415 S.W.3d at 308. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Strickland*, 466 U.S. at 700; *see Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

*HN2* Appellate review of counsel's representation is highly deferential; we must "indulge in a strong presumption that counsel's conduct was *not* deficient." *Nava*, 415 S.W.3d at 307—08; *see Strickland*, 466 U.S. at 686. To rebut that presumption, a claim of ineffective assistance must be "firmly founded in the record" and "the record must affirmatively demonstrate" **[\*4]** the meritorious nature of the claim. *See Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record by itself be sufficient to demonstrate an ineffective-assistance claim. *Nava*, 415 S.W.3d at 308. If trial counsel has not been afforded the opportunity to explain the reasons for his conduct, we will not find him to be deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id*. (quoting *Menefield*, 363 S.W.3d at 593); *Goodspeed*, 187 S.W.3d at 392.

In this case, appellant filed a motion for new trial. However, he did not raise a claim of ineffective assistance of counsel in the motion. Thus, the record is silent as to why trial counsel acted or failed to act in the manner that appellant now complains about on appeal. Although at some points during trial counsel indicated they were engaging in a particular course of conduct as part of "trial strategy," they did not (or were not given the opportunity to) explain what the particular strategy was. Consequently, the record before this Court is not sufficiently developed to allow us to evaluate those supposed improper actions or failures to act because "[n]either [his] counsel nor the State have been given an opportunity to respond to" the claims of ineffectiveness. *See Menefield*, 363 S.W.3d at 593. The record

is silent as to **[\*5]** whether there was a strategic reason for counsels' conduct or what the particular strategy was. Appellant's repeated assertion that there was no good trial strategy to account for or explain counsels' conduct is mere speculation. Such speculation does not constitute a demonstration, founded in the record, that no reasonable trial strategy existed. *See Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) ("*HN3*[C]ounsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation."); *see also Villa v. State*, 417 S.W.3d 455, 463 (Tex. Crim. App. 2013) ("[C]ounsel's alleged deficiency must be affirmatively demonstrated in the trial record.").

Appellant's trial attorneys were not afforded an opportunity to explain their reasons for the complained-of conduct. *HN4*Absent record evidence regarding counsels' strategy or reasoning, we will presume they exercised reasonable professional judgment. *See Hill v. State*, 303 S.W.3d 863, 879 (Tex. App.—Fort Worth 2009, pet. ref'd); *Poole v. State*, 974 S.W.2d 892, 902 (Tex. App.—Austin 1998, pet. ref'd); *see also Lopez*, 343 S.W.3d at 143. Appellant has failed to rebut the strong presumption of reasonable assistance because without explanation for trial counsels' decisions, the complained-of conduct does not compel a conclusion that their performance was deficient. We cannot say that "no reasonable trial strategy could justify" their decision to engage in the complained-of conduct.**3** *See Lopez*, 343 S.W.3d at 143. **[\*6]** Nor can we conclude that their conduct was "so outrageous that no competent attorney would have engaged in it." *See Menefield*, 363 S.W.3d at 592; *see also Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012) ("*HN5*The mere fact that another attorney might have pursued a different tactic at trial does not suffice to prove a claim of ineffective assistance of counsel."). Accordingly, we find that appellant has failed to demonstrate deficient performance on the part of his trial counsel. *See Frangias v. State*, 392 S.W.3d 642, 653 (Tex. Crim. App. 2013) ("*HN6*[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of an informed strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate 'unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.'").

### FOOTNOTES

**3** For example, in half of his complaints about trial counsels' performance, appellant criticizes them for eliciting, failing to object to, or purportedly opening the door to testimony from the State's witnesses regarding their belief in appellant's guilt or A.D.'s truthfulness. Ordinarily, *HN7* witnesses are not permitted to testify as to their opinion about the guilt or innocence of a defendant, *see Sandoval v. State*, 409 S.W.3d 259, 292 (Tex. App.—Austin 2013, no pet.); *Boyde v. State*, 513 S.W.2d 588, 590 (Tex. Crim. App. 1974), or the credibility of a complainant or the truthfulness **[\*7]** of a complainant's allegations, *see Sandoval*, 409 S.W.3d at 292; *Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997); *Yount v. State*, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993). An argument can be made, however, that counsel engaged in the conduct here in order to demonstrate the bias of the State's witnesses. For example, the questions propounded to law enforcement officials arguably attempted to highlight the officers' immediate assumption that appellant was guilty after hearing about A.D.'s outcry, which led to a failure to conduct a thorough or complete investigation. The failure to object to the testimony of A.D.'s family members about believing A.D. allowed counsel to emphasize the fact that even though, as they all conceded, they trusted appellant and never, throughout their decades-long relationship with him, had any reason to suspect he had ever engaged in any inappropriate behavior with children, they automatically believed A.D. without any corroborating proof. Opening the door or not objecting to testimony from certain experts—the program director from the children's advocacy center, the sexual assault nurse examiner, and A.D.'s counselor—afforded counsel the opportunity to highlight the limited—and biased—nature of their knowledge and opinions: these individuals admitted they were child advocates who were **[\*8]** only familiar with A.D. and her side of the story, having no knowledge of appellant or the circumstances of the situation other than from information gained

> from A.D.

Because appellant failed to meet his burden on the first prong of *Strickland*, we need not consider the requirements of the second prong—prejudice. *Lopez*, 343 S.W.3d at 144; *see also Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("*HN8*An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong."). Nevertheless, we also find that appellant failed to demonstrate that he suffered prejudice.

*HN9*Even if an appellant shows that particular errors of counsel were unreasonable, he must further show that they actually had an adverse effect on the defense. *Strickland*, 466 U.S. at 693-95; *Cochran v. State*, 78 S.W.3d 20, 24 (Tex. App.—Tyler 2002, no pet.). It is not sufficient that a defendant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were of questionable competence. *Lopez*, 343 S.W.3d at 142-43. Further, merely showing that the errors had some conceivable effect on the proceedings will not suffice. *Strickland*, 466 U.S. at 693; *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011). Instead, he must prove that counsel's errors, judged by the totality of the representation, not by isolated instances of error or by a portion of the trial, denied him a fair trial. *Strickland*, 466 U.S. at 695.

In his argument regarding prejudice, appellant **[\*9]** argues that this Court should find prejudice because the cumulative effect of the alleged errors demonstrates that his lawyers failed to subject the State's case to a meaningful adversarial challenge. He contends that their errors "pervaded and prejudiced the entire defense" and their "ineffective performance seriously prejudiced [his] right to a fair trial." He claims that "[h]ad defense counsel done their job, the State's case would have been far less persuasive and there is a reasonable probability that the outcome of the guilt-innocence proceeding would have been different . . . [and] a reasonable probability that the trial court would have assessed a shorter sentence." These assertions are speculative claims without support in the record.

Appellant maintains that he "did not even receive the minimal standard of advocacy." We disagree. During voir dire, trial counsel questioned the members of the jury panel regarding their ability to serve on the jury: they discussed important legal concepts such as the presumption of innocence, the State's burden of proof, and appellant's Fifth Amendment right not to testify; they explored possible bias or preconceptions relating to child sexual abuse cases; they **[\*10]** discussed issues factually relevant to the case such as children's knowledge of or exposure to information regarding sex; they asked the jurors their views regarding the truthfulness of children; and they discussed potential bias against appellant. They also successfully challenged several panel members for cause. Further, the record shows that throughout trial counsel presented and developed a defense strategy of a false accusation. In support of this defense, trial counsel emphasized, through cross-examination of the State's witnesses and in jury argument, the one-sided nature of the State's case, the flawed police investigation (including an incomplete SANE exam), the lack of corroborating evidence, inconsistent statements from the outcry witness (A.D.'s grandmother), A.D.'s inability to recount details about the abuse in her testimony, and the bias of the State's witnesses. Counsel also attempted to provide alternative explanations for A.D.'s knowledge of sexual acts, including observing her parents engage in sexual acts and obtaining information from her teenage half-brother. During closing argument, trial counsel discussed A.D.'s vague responses during her testimony at trial, **[\*11]** the lack of corroborating evidence, the rush to assume appellant's guilt by those involved in the investigation of the allegations, and the bias of A.D.'s family members and the State's experts. Trial counsel again discussed the presumption of innocence, presented sources of reasonable doubt to the jury, and reminded the jury that appellant had consistently denied guilt and had cooperated fully with the police investigation, even voluntarily providing a sample for DNA testing.

*HN10* An accused is not entitled to entirely errorless representation, and we look to the totality of the representation in gauging the adequacy of counsel's performance. *Frangias*, 392 S.W.3d at 653. The record in this case reveals that trial counsels' trial strategy was to demonstrate that appellant was the victim of a false accusation. Counsel focused on the bias of the State's witnesses, the lack of corroborating evidence, the inadequate police investigation, and possible alternative sources from which A.D. could have obtained information about sex. The fact that this strategy ultimately proved unsuccessful—or that appellate counsel disagrees with it—does not render counsels' assistance ineffective.

On the record before us, appellant has failed **[*12]** to demonstrate deficient performance on the part of his trial counsel or that he suffered prejudice because of the alleged errors of counsel. Thus, he has not shown himself entitled to reversal based on ineffective assistance of counsel. We overrule appellant's sole point of error.

### Clerical Error in Judgments

On review of the record, however, we observe that the written judgments of conviction in this case contain a clerical error. The judgments of conviction state that the "Statute for Offense" is "22.021(a)(2), (f)(1) Penal Code." The statute for the offenses as alleged in the indictments here, however, is section 22.021(a)(1)(B), (2)(B) of the Penal Code. *HN11* This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 46.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Accordingly, because the necessary information is available here, we modify the incorrect judgments to reflect the correct Penal Code section.

### CONCLUSION

Having concluded that appellant failed to demonstrate that he suffered ineffective assistance of counsel, we modify the trial court's judgments of conviction as noted above and affirm the judgments as modified.

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Modified and, as Modified, **[*13]** Affirmed

Filed: March 12, 2015

Do Not Publish

Service: **Get by LEXSEE®**
Citation: **2015 Tex.App.LEXIS 2330**
View: Full
Date/Time: Monday, June 1, 2015 - 4:44 PM EDT

 **About LexisNexis**  | **Privacy Policy**  | **Terms & Conditions**  | **Contact Us**
**Copyright ©**  2015 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.